**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HUIZHOU LUCKY TREE CRAFTS CO., LTD.

        Plaintiff,

    v.

NATIONAL CHRISTMAS PRODUCTS, INC.
d/b/a NATIONAL TREE COMPANY, THE
CHRISTMAS OUTLET, NATIONAL OUTDOOR
LIVING, NATIONAL TRAVEL SAFE, and
PULEO CHRISTMAS PRODUCTS, INC.;
NATIONAL CHRISTMAS PRODUCTS, LLC
d/b/a NATIONAL TREE COMPANY, THE
CHRISTMAS OUTLET, NATIONAL OUTDOOR
LIVING, NATIONAL TRAVEL SAFE, and
PULEO CHRISTMAS PRODUCTS, INC.;
NATIONAL TREE INTERMEDIARY, LLC,
d/b/a NATIONAL TREE COMPANY, THE
CHRISTMAS OUTLET, NATIONAL OUTDOOR
LIVING, NATIONAL TRAVEL SAFE, and
PULEO CHRISTMAS PRODUCTS, INC.;
NATIONAL TREE HOLDING, LLC d/b/a
NATIONAL TREE COMPANY, THE
CHRISTMAS OUTLET, NATIONAL OUTDOOR
LIVING, NATIONAL TRAVEL SAFE, and
PULEO CHRISTMAS PRODUCTS, INC.

        Defendants.

**CIVIL ACTION**

**Case No.: 2:26-cv-5185**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff HUIZHOU LUCKY TREE CRAFTS CO., LTD., by and through its undersigned counsel, by way of Complaint against Defendants NATIONAL CHRISTMAS PRODUCTS, INC. d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.;

- 1 -

NATIONAL CHRISTMAS PRODUCTS, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.; NATIONAL TREE INTERMEDIARY, LLC, d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.; NATIONAL TREE HOLDING, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.; (collectively, "Defendants"), state as follows:

## PARTIES

1. Plaintiff HUIZHOU LUCKY TREE CRAFTS CO., LTD. ("Plaintiff" or "Lucky Tree") is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business located in Huizhou, Guangdong Province, China.

2. Upon information and belief, NATIONAL CHRISTMAS PRODUCTS, INC. d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC. ("NCP Inc.") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 2 Commerce Drive, Cranford, New Jersey 07016.

3. Upon information and belief, National Christmas Products, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC. ("NCP LLC") is a limited

- 2 -

liability company organized under the laws of the State of Delaware with its principal place of business located at 2 Commerce Drive, Cranford, New Jersey 07016.

4. Upon information and belief, National Tree Intermediary, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC. ("NTI LLC") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 2 Commerce Drive, Cranford, New Jersey 07016.

5. Upon information and belief, NCP LLC is wholly owned by NTI LLC.

6. Upon information and belief, National Tree Holding, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC. ("NTH LLC") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

7. Upon information and belief, NTI LLC is wholly owned by NTH LLC.

8. Upon information and belief, NCP Inc., NCP LLC, NTI LLC, and NTH LLC are alter egos of one another. These entities shared the same business address at 2 Commerce Drive, Cranford, New Jersey 07016, and utilized the same telephone number, (908) 709-4141. They had overlapping ownership and management, shared employees, resources, and operations, and commingled corporate funds. Multiple Defendants routinely participated in the same business transactions. For example, NCP LLC would issue purchase orders to suppliers, while invoices would be issued to NCP Inc.

- 3 -

## JURISDICTION AND VENUE

9.  Plaintiff is a citizen and subject of a foreign state, namely the People's Republic of China.

10. Defendants are citizens of the State of New Jersey.

11. Defendants owe Plaintiff no less than $1,949,303.45, exclusive of import duties, interest and other costs.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen or subject of a foreign state and citizens of states within the United States.

13. Personal jurisdiction is proper because Defendants maintained principal price of business and regularly conducted business in the State of New Jersey. For instance, Defendants issued purchase orders from New Jersey, and negotiated and communicated with Plaintiff through personnel located in New Jersey.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendant's business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

15. Plaintiff is a manufacturer and supplier of artificial Christmas trees, holiday lighting products, and related seasonal merchandise in Huizhou, Guangdong Province, China.

16. Defendants are engaged in the business of importing, distributing, and selling artificial Christmas trees and seasonal holiday products throughout the United States.

17. Defendants previously maintained a commercial relationship with Plaintiff for the purchase and supply of holiday merchandise. Beginning in 2020, Defendants solicited substantial orders from Plaintiff.

18. During 2023, in reliance on Defendants' purchase orders and representations, Plaintiff supplied substantial quantities of holiday merchandise to Defendants, and incurred substantial costs and expenses.

19. The total value of the goods supplied by Plaintiff to Defendants exceeded approximately $2.8 million.

20. Before the goods were shipped, they were inspected and approved by Defendants' team in China.

21. Defendants received, accepted, and retained the goods supplied by Plaintiff without any valid objection.

22. Plaintiff timely issued invoices for the goods at issue in accordance with the parties' course of dealings and agreements.

23. Defendants failed to fully pay for the goods, and the outstanding unpaid balance reached no less than $1,949,303.45.

24. In a letter dated September 2023, Defendants expressly acknowledged that they owed Plaintiff $1.9 million.

25. In the same letter, Defendants set for a payment plan schedule. Under the proposed payment schedule, Defendants would pay 60% of the balance, to wit., $1.14 million, by April 2024, and the remaining 40%, to wit, $760,000, by September 2024.

26. However, Defendants failed to make any payments.

27. Plaintiff has made multiple attempts to contact Defendants with respect to the outstanding balance, including written communications and follow-up inquires, seeking to resolve the matter without litigation, to no avail.

28. Defendants have refused to make payment, despite having no valid basis to withhold payment for the goods received.

29. Defendants have continued to operate their business, sell inventory, and generate revenue, including from the resale of goods supplied by Plaintiff, while simultaneously failing and refusing to satisfy their payment obligations.

30. Defendants' conduct demonstrates a pattern of accepting goods, benefiting from those goods, acknowledging the resulting debt, and thereafter refusing to honor their payment obligations.

31. As a direct and proximate result of Defendants' actions, Plaintiff has suffered substantial financial damages, including the unpaid balance for goods sold and delivered, as well as additional costs and losses associated with Defendants' nonpayment.

### COUNT I
**Breach of Contract**

32. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

33. A valid and enforceable contract existed between Plaintiff and Defendants, formed through Defendants' purchase orders, Plaintiff's acceptance thereof, and the parties' course of dealing, pursuant to which Plaintiff agreed to manufacture and supply holiday merchandise and Defendants agreed to purchase and pay for such goods.

34. Plaintiff fully performed its obligations under the contract by supplying and delivering the goods requested by Defendants in accordance with Defendants' purchase orders and the parties' agreements.

35. Defendants received, accepted, and retained the goods supplied by Plaintiff without objection, thereby becoming obligated to pay the purchase price for such goods.

36. Plaintiff timely issued invoices to Defendants reflecting the amounts due and owing for the goods supplied.

37. Defendants breached the contract by failing to pay for the goods in accordance with the agreed terms and the parties' course of dealing.

38. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount no less than $1,949,303.45, exclusive of interest, costs, and other recoverable amounts.

39. Plaintiff is entitled to recover all damages available under applicable law, including but not limited to the unpaid balance, pre-judgment and post-judgment interest, costs of suit, and such other and further relief as the Court deems just and proper.

## COUNT II
**Unjust Enrichment**

40. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

41. This claim is asserted in the alternative to Plaintiff's breach of contract claim, and only to the extent that a valid and enforceable contract is found not to exist or is otherwise deemed unenforceable.

42. Plaintiff conferred a substantial benefit upon Defendants by manufacturing, supplying, and delivering holiday merchandise at Defendants' request.

43. Defendants knowingly accepted and retained the goods supplied by Plaintiff, and benefited from such goods, including by reselling them and generating revenue therefrom.

44. Defendants were aware, or reasonably should have been aware, that Plaintiff expected to be paid for the goods supplied.

45. Defendants have been unjustly enriched by retaining the benefits of Plaintiff's goods without paying for them.

46. It would be inequitable and unjust for Defendants to retain the benefits conferred by Plaintiff without compensating Plaintiff for the reasonable value of the goods.

47. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has suffered damages in an amount no less than $1,949,303.45, exclusive of interest, costs, and other recoverable amounts.

48. Plaintiff is entitled to restitution and disgorgement of all amounts by which Defendants have been unjustly enriched, together with pre-judgment and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### Conversion

49. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

50. This claim is asserted in the alternative to Plaintiff's breach of contract claim.

51. Plaintiff had a possessory and ownership interest in the goods it manufactured and supplied to Defendants, as well as in the identifiable proceeds derived from the sale of such goods.

52. Plaintiff transferred possession of the goods to Defendants for the limited purpose of sale and distribution, with the understanding and expectation that Defendants would remit payment to Plaintiff for such goods.

53. Defendants exercised unauthorized dominion and control over Plaintiff's property by retaining the goods and/or the identifiable proceeds from the sale of such goods while failing and refusing to pay Plaintiff for them.

54. Defendants' conduct was intentional and without justification, and constituted a wrongful interference with Plaintiff's property rights.

55. Defendants sold the goods supplied by Plaintiff and retained the proceeds therefrom, which are specific and identifiable funds belonging in equity to Plaintiff.

56. Despite Plaintiff's demands, Defendants have refused to remit payment or return the value of the goods and proceeds to Plaintiff.

57. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages in an amount no less than $1,949,303.45, representing the value of the converted property, together with interest, costs, and other recoverable damages.

## COUNT IV
### Account Stated

58. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

59. Plaintiff and Defendants engaged in a series of transactions for the sale and delivery of goods, pursuant to which Plaintiff supplied holiday merchandise to Defendants and issued invoices reflecting the amounts due.

60. Plaintiff rendered invoices and statements of account to Defendants for the goods supplied, including invoices reflecting an outstanding balance of no less than $1,949,303.45.

61. Defendants received and retained such invoices and statements of account without any meritorious objection within a reasonable time.

62. By failing to raise genuine objections to the invoices and statements of account, Defendants assented to the correctness of the amounts stated therein and agreed that such amounts were due and owing to Plaintiff.

63. In addition, Defendants expressly acknowledged the outstanding balance in writing in or about September 2023, admitting that they owed Plaintiff $1.9 million, although Defendants are in fact liable for a higher amount.

64. Defendants' written acknowledgment of the debt, together with their retention of invoices without genuine objection, constitutes an account stated between the parties.

65. Notwithstanding their agreement as to the amount owed, Defendants have failed and refused to pay the outstanding balance.

66. As a result of Defendants' failure to pay the account stated, Plaintiff has been damaged in an amount no less than $1,949,303.45, together with interest, costs, and other recoverable damages.

67. Plaintiff is entitled to recover the full amount due under the account stated, together with pre-judgment and post-judgment interest and such other and further relief as the Court deems just and proper.

## COUNT V
### Goods Sold and Delivered

68. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

69. At Defendants' request, Plaintiff sold and delivered substantial quantities of holiday merchandise to Defendants.

70. Defendants received and accepted the goods without objection.

71. The goods were of the type and quantity ordered by Defendants and were delivered in accordance with the parties' course of dealing.

72. Plaintiff issued invoices reflecting the amounts due for the goods supplied, which Defendants retained without objection.

73. By accepting and retaining the goods, Defendants became obligated to pay Plaintiff the agreed-upon or reasonable value of such goods.

74. Defendants have failed and refused to pay for the goods sold and delivered.

75. As a result, Defendants are indebted to Plaintiff in an amount no less than $1,949,303.45, representing the value of the goods sold and delivered, exclusive of interest, costs, and other recoverable amounts.

76. Plaintiff is entitled to recover the full amount due for the goods sold and delivered, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief as the Court deems just and proper.

- 11 -

## COUNT VI
### UCC § 2-709 – Action for the Price

77. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

78. This action concerns contracts for the sale of goods governed by Article 2 of the Uniform Commercial Code, as adopted in New Jersey.

79. Plaintiff sold and delivered goods to Defendants pursuant to Defendants' purchase orders and the parties' course of dealing.

80. Defendants received and accepted the goods within the meaning of UCC § 2-606.

81. Under UCC §§ 2-301 and 2-607(1), Defendants are obligated to pay the contract price for goods accepted.

82. Defendants have failed and refused to pay the price of the goods accepted.

83. Plaintiff is entitled to recover the price of the goods accepted pursuant to UCC § 2-709.

84. As a result, Defendants are liable to Plaintiff in an amount no less than $1,949,303.45, together with incidental damages, interest, and costs as permitted by law.

## COUNT VII
### UCC §§ 2-301 and 2-607 – Buyer's Obligation to Pay for Accepted Goods

85. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

86. Plaintiff duly performed its obligations under the parties' agreements by delivering conforming goods to Defendants.

87. Defendants accepted the goods without timely rejection or effective revocation.

- 12 -

88. Under UCC §§ 2-301 and 2-607, acceptance of goods obligates the buyer to pay the contract price.

89. Defendants breached their statutory obligations by failing to pay for the accepted goods.

90. Plaintiff has been damaged in an amount no less than $1,949,303.45, plus interest, costs, and other recoverable damages.

## COUNT VIII
### UCC § 1-304

91. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

92. The UCC imposes an obligation of good faith in the performance and enforcement of every contract.

93. Defendants acted in bad faith by soliciting large orders, accepting and reselling the goods, acknowledging the debt, proposing a payment plan, and then refusing to pay anything.

94. Defendants' conduct deprived Plaintiff of the benefit of the bargain.

95. Plaintiff is entitled to damages, interest, and all other relief permitted by law.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

    A. Judgment in the amount to be determined at trial;

    B. Compensatory damages;

    C. Incidental damages;

    D. Consequential damages;

- 13 -

E.  Restitution damages;

F.  Punitive damages;

G.  Costs, disbursements, reasonable attorney's fees;

H.  Pre-judgment and post-judgment interest; and

I.  Such other relief as this Court shall deem just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


Date: May 8, 2026

**WANG, GAO & ASSOCIATES, P.C.**
*Counsel for Plaintiff*


 */s/ Pierce Wang*
By: Pierce Wang, Esq.
36 Bridge Street
Metuchen, NJ 08840
Tel: (732) 767-3020
Fax: (732) 352-1419
pierce.wang@wanggaolaw.com