**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HUIZHOU LUCKY TREE CRAFTS CO., LTD. | : | **Civil Action No. 26-05185 (SRC)** |
|  | : | **ORDER TO SHOW CAUSE** |
| Plaintiff, | : |  |
| v. | : |  |
| NATIONAL CHRISTMAS PRODUCTS, INC. d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.; NATIONAL CHRISTMAS PRODUCTS, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.; NATIONAL TREE INTERMEDIARY, LLC, d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC.; NATIONAL TREE HOLDING, LLC d/b/a NATIONAL TREE COMPANY, THE CHRISTMAS OUTLET, NATIONAL OUTDOOR LIVING, NATIONAL TRAVEL SAFE, and PULEO CHRISTMAS PRODUCTS, INC. | : : : : : : : : |  |
| Defendants. | : . |  |

**CHESLER, District Judge**

      **IT APPEARING** that Plaintiff HUIZHOU LUCKY TREE CRAFTS CO., LTD.

filed a Complaint in this Court on May 8, 2026; and it further

**APPEARING** that this Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue sua sponte;[1] and it further

**APPEARING** that the Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction;"[2] and it further

**APPEARING** that the Complaint asserts that this Court has federal subject matter jurisdiction over this action by virtue of diversity jurisdiction pursuant to 28 U.S.C. § 1332; and it further

**APPEARING** that for diversity jurisdiction to exist, all Plaintiffs must be citizens of a different state than all Defendants and the amount in controversy must exceed $75,000, exclusive of interest and costs;[3] and it further

**APPEARING** that the Complaint alleges that Defendant National Christmas Products, LLC is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in the state of New Jersey; and it further

**APPEARING** that the Complaint alleges that Defendant National Tree Intermediary, LLC is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in the state of New Jersey; and it further

**APPEARING** that the Complaint alleges that Defendant National Tree Holding, LLC is a limited liability company formed under the laws of the state of Delaware, with

---

[1] Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

[2] Fed. R. Civ. P. 8(a)(1).

[3] 28 U.S.C. § 1332(a).

2

its principal place of business in the state of New Jersey; and it further

**APPEARING** that the citizenship of each member of a limited liability company must be considered for diversity purposes;[4] and it further

**APPEARING** that the citizenship of a limited liability company "takes on the citizenship of each of its partners;"[5] and it further

**APPEARING** that the pleadings contain no information about the members of the Defendant LLCs; and it further

---

[4] Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members.") The Third Circuit has, however, recently revised its pleading standards for diversity cases involving a limited liability company:

> A plaintiff who files suit in federal court may face significant difficulties when jurisdiction is premised on diversity and the defendant is an unincorporated association such as a partnership or limited liability company ("LLC"). The members of the association determine its citizenship, but these members may be unknown to the plaintiff even after a diligent pre-filing investigation. The plaintiff may tentatively assert that complete diversity exists, but whether this assertion survives a motion to dismiss depends entirely on the pleading standard that the court chooses to apply. We hold that a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction. If the defendant thereafter mounts a factual challenge, the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists.

Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015). Thus, while the Third Circuit no longer requires that a complaint affirmatively plead the citizenship of every member of an LLC, complaints must at least plead diversity between a plaintiff and the members of an LLC, not just the entity itself.

[5] Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

**APPEARING** that, given the foregoing deficiencies in pleading the citizenship of the LLC parties, the Court cannot determine whether there is complete diversity between Plaintiff and all Defendants; and it further

**APPEARING** that the proponent of federal subject matter jurisdiction bears the burden of establishing that the Court has diversity jurisdiction;[6] and it further

**APPEARING** that, for the reasons set forth above, Plaintiff has not provided the Court with sufficient information to carry that burden; and it further

**APPEARING** that if it appears that this Court lacks subject matter jurisdiction over this case, it must be dismissed;[7] therefore

**IT IS** on this 13th day of May, 2026, hereby

**ORDERED** that Plaintiff shall show cause in writing before the undersigned by June 15th, 2026 why this action should not be dismissed for lack of federal subject matter jurisdiction.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

---

[6] Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Wright & Miller, 13 Federal Practice & Procedure § 3522 (3d ed. 2013) ("[T]here is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it.").

[7] Fed. R. Civ. P. 12(h)(3).